**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: December 28, 2016
Date Decided: January 6, 2016

Brad Greenspan
2995 Woodside Road, Suite 400
Woodside, CA 94062

Gregory V. Varallo, Esquire
Kevin M. Gallagher, Esquire
Christopher H. Lyons, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Kevin M. Coen, Esquire
Morris, Nichols, Arsht & Tunnell LP
1201 North Market Street
Wilmington, DE 19801

Kathaleen St. J. McCormick, Esquire
Daniel M. Kirshenbaum, Esquire
Young, Conaway, Stargatt & Taylor
100 North King Street
Wilmington, DE 19899

A. Thompson Bayliss, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Daniel B. Rath, Esquire
Rebecca L. Butcher, Esquire
Tyler O'Connell, Esquire
Landis Rath & Cobb LLP
919 North Market Street
Wilmington, DE 19801

Re: *Brad D. Greenspan v. News Corporation, et al.*
Civil Action No. 9567-VCG

Dear Litigants:

This matter involves an enthusiastic *pro se* Plaintiff, Brad D. Greenspan, who has sued a large number of entities, on various theories. In response to the Plaintiff's allegations, the following entities have filed or joined a Motion to Dismiss: News Corporation and Intermix Media LLC (formerly eUniverse Inc.); Sony Entertainment Inc. (formerly Sony Broadband Entertainment Inc.), Sony Music

Holdings Inc. (formerly Sony Music Entertainment Inc.), and 550 Digital Media Ventures Inc.; Graham Holding Company (formerly Washington Post Company); Orrick, Herrington & Sutcliffe LLP and The Vantage Point Funds advised by VantagePoint Management, Inc.; and JP Morgan Chase & Co.

Following a scheduling teleconference, I entered a scheduling order governing the briefing for the Defendants' Motions to Dismiss. In their opening briefs, the Defendants argue that the Plaintiff's claims should be dismissed for failure to state a claim and assert that, because many of the claims arise from events occurring between 2003 and 2005, Greenspan's claims are barred by laches. Greenspan's brief in opposition to the Defendants' Motion to Dismiss was due on July 28, 2015. After Greenspan failed to file an answering brief pursuant to the scheduling order,[1] oral argument was scheduled to be held on December 14, 2015. On the morning on which oral argument was scheduled, shortly before the scheduled

---

[1] Greenspan's failure to respond to the Defendants' Motions to Dismiss cannot be attributed to a lack of knowledge or will to file in this Court. Greenspan is familiar with the filing procedures as he has submitted numerous motions, many times in droves: on October 6, 2014, Greenspan filed a "Motion for Rule 55(b) Default Judgment or Rule 54(b) Judgment" and a "Motion for Amended Pleading Reply to Defendant's 12B6 Motion and Request for 12b(e)"; on March 24, 2015, Greenspan filed a "Motion of Joinder," a "Motion to Disqualify," a "Motion to Supplement Pleadings," and a "Motion to Take Judicial Notice"; on June 19, 2015, Greenspan filed a "Motion to Strike," a "Motion for Preliminary Injunction," a "Motion for Second Partial Summary Judgment," a "Second Motion to Supplement the Pleadings," a "Second Motion of Joinder," and a "Motion for Temporary Restraining Order"; on July 10, 2015, Greenspan filed a "Motion for a Stay of Defendants' Motions to Dismiss"; and on December 14, 2015, the day on which Greenspan was to appear in Wilmington for oral argument, he filed a "Motion for Default Judgment," an "Ex Parte Motion to Stay Motion to Dismiss Proceedings," a "Motion 60(b)," and a "Motion to Compel Arbitration."

time of commencement, Greenspan contacted the Register in Chancery and asked for a continuance, or permission to attend by telephone. The oral argument was scheduled for Wilmington; Greenspan apparently was in California at the time. I denied the continuance. The movants attended oral argument; Greenspan did not.

At the argument, the movants asked me to take Greenspan's failure to respond to the Motions as a waiver and dismiss this action. Instead, I gave Greenspan leave to file a response to the Motions to Dismiss by December 24, 2015.[2] A letter memorializing this ruling was mailed to Greenspan on the same date. At the argument and in my letter to the parties, I indicated that I would consider the Motions to Dismiss unopposed with respect to each issue to which the Plaintiff failed to respond. Because our Court was closed on December 24, I have reviewed the filings made by Greenspan through the end of business on December 28, 2015. Despite being given an extended opportunity to respond to the Motions to Dismiss, and despite making a number of unresponsive filings within the time to respond, Greenspan failed to file any such response to the Motions to Dismiss. Instead, on December 21, 2015, he filed a Motion for Reargument of my decision of December 14, 2015. That motion asked me to resolve other outstanding motions before the

---

[2] At oral argument, I also denied the Plaintiff's Motion for a Temporary Restraining Order and, in an attempt to clean the docket, I dismissed without prejudice all of the Plaintiff's other outstanding motions, giving the Plaintiff the opportunity to re-notice the motions after a decision was rendered on the Motions to Dismiss.

Motions to Dismiss and asked me to treat the Motions to Dismiss as motions for summary judgment. The Plaintiff's Motion for Reargument states neither grounds in opposition to the Motions to Dismiss, nor grounds for "reargument" of my decision to extend the time within which Greenspan could respond to the Motions to Dismiss.

Next, Greenspan filed a "Motion to Supplement Pleadings" on December 28, 2015. This motion purports to

> fully incorporate by reference herein: the following pleadings: The Complaint, the Motion to Supplement pleadings of March 21, 2015, the Motion of Joinder of March 21, 2015; the amended February 14, 2015 Motion to Take Judicial Notice; the Motion for Recusal of February 14, 2015; the Second Motion to Supplement the Pleadings of June 19, 2015; the Plaintiff's Motion for Second Partial Summary Judgment filed on June 19, 2015; the Motion for Preliminary Injunction filed June 19, 2015; the Motion for Default Judgment of December 14, 2015; 'Motion 60(b)' filed December 14, 2015; Motion to Compel Arbitration filed December 14, 2015; and the Motion for Preliminary Injunction filed December 23, 2015.

In addition, the Motion to Supplement Pleadings adds 15 pages of what I find to be incomprehensible verbiage. To the extent this Motion is a motion to amend, it does not appear to be responsive to the Defendants' Motions to Dismiss.

Finally, the Plaintiff filed a "Motion Rule 70" on December 28, 2015. This purports to be a motion seeking contempt against "Defendants News Corp., Sony Corp., Morris Nichols, and Kevin Coen" for violation of a Court Order purportedly entered in 2004 "in Case No. 106-N, 106-VCS, and 107-VCS."

4

Mr. Greenspan had the opportunity to oppose the Motions to Dismiss. He chose not to do so. He had the opportunity to appear at argument to oppose those motions. Again, he failed to oppose. Finally, I extended the time within which he could state any opposition to the Motions to Dismiss; and he again chose not to oppose those motions. None of the pleadings filed within the extended time to respond to the Motions to Dismiss can conceivably be seen as a substantive opposition to the grounds for dismissal raised in those motions.[3] Grounds to dismiss having been stated in the Defendants' opening briefs of June 29, 2015, and Mr. Greenspan having waived the opportunity to oppose these motions, with respect to each moving Defendant listed above, the Motions to Dismiss are GRANTED. To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[3] I note that on January 4, 2016, about 10 days after the extended deadline, Greenspan filed a Motion for Temporary Restraining Order, a Motion to Expedite, a Motion for Preliminary Injunction, and an "Ex-Parte Motion to Stay Motion to Dismiss Proceedings." In addition to being filed untimely, none of these motions attempt to address the issues raised in the Defendants' Motion to Dismiss.